Ruffin/ C. J.
 

 Trover for a horse, tried on the general issue, upon the following facts agreed : Elijah Grady conveyed the horse with other things to the plaintiff, on the 28th day of May, 1850, by deed of trust to secure the payment of sundry just
 
 debts therein
 
 mentioned ; and, on the same day, the deed was proved, out of term time, by a subscribing witness, before a person, as deputy of the Clerk of the County Court, who had not been appointed and sworn jn as the deputy of the Clerk, but was his brother and in his absence sometimes attended for him in his office, with his assent. Upon the certificate of the probate, made on the deed by the said person, as deputy Clerk, the deed was registered on the same day; at that time the defendant was the creditor of Grady, and, on the 29th of May, 1850, he took a judgment before a Justice of the Peace and on an execution he had the horse seized and afterwards sold,
 
 *453
 
 and then this action was brought. The single question was, whether the deed of trust was duly proved and registered, so as
 
 to
 
 make it operative against the defendant. The Court held that it was not, and a verdict passed for the defendant and the plaintiff appealed from the judgment.
 

 The act of 1829 authorises the Deputy as well as the Clerk himself, to take and certify the probate of a deed of trust, for the purpose of its being registered. Were it not for that express provision, the Deputy could not have done so, under an authority to the Clerk, for that officer could no more delegate the power to administer an oath out of court, than a Justice of the Peace could. But as the act expressly includes Deputies, the question is, who is to be taken as filling that character in our law. That is the precise point decided in
 
 Shepherd
 
 and
 
 han e,
 
 2 Dev. 148, in which it was held, that acts of agency, such as signing writs in the name of the Clerk and filling them up, though subsequently recognized by the Clerk as valid acts, did not constitute the agent a Deputy Clerk, and that a Deputy is only such a person as is appointed and qualified in the mode prescribed in the act of 1777, c. 115, that is, by taking the oaths to support the constitutions of the United States and of this State, and an oath of office. Rev. Stat. c. 19, s. 15. It was with this decision before the legislature, made in June, 1829, that it was, at the next session in November, 1829, enacted, that deputy Clerks might take the probate and order the registration of deeds of this kind; and it must therefore be understood to have been intended to confer the power on those only, who have been constituted deputies in the formal manner prescribed by our Statute, as construed by this Court, and without regard to previous rules of the Common Law. The registration of the deed was therefore made on a probate and fiat of a person, having no power in the premises, and stands on the same ground, as if it had been made by the
 
 *454
 
 register of his own head, and without anything purporting to be a probate at all. Hence the registration has no effect to render the deed valid from its registration, as against the defendant, according to the provisions of the act' of 1829, and the judgment must be affirmed.
 

 Per Curiam. Judgment affirmed.